## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BEVERLY M. GILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:10CV28 |
| ) | |
| HERITAGE PROPANE, GUILFORD GAS ) | |
| SERVICE, INC., DANIEL WELLS, and ) | |
| TRIP TIMBERLAKE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge, pursuant to this Court's Amended Standing Order 30, for a recommended ruling on Defendant's Motion to Dismiss Plaintiff's Complaint (Docket Entry 10). (See Docket Entries dated Jan. 15, 2010, and May 27, 2010; see also Fed. R. Civ. P. 72(b)(1).) In addition, the Court must address the related matter of Plaintiff's Motion to Allow Amended Complaint (Docket Entry 15). (See Docket Entry dated May 27, 2010.) For the reasons that follow, the Court should grant Defendant's Motion to Dismiss Plaintiff's Complaint because Plaintiff failed to comply with a statutory filing deadline and because, even if accepted as true, Plaintiff's allegations in her proposed Amended Complaint fail to show that any equitable doctrine excuses her failure to make a timely filing. In light of that proposed disposition, the Court will deny Plaintiff's Motion to Allow Amended Complaint as futile.

BACKGROUND

Plaintiff commenced this action by filing a Complaint alleging claims of gender discrimination in employment, including in the form of hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, as well as for related state torts. (See Docket Entry 1.) Defendants moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), "on the ground that Plaintiff failed to comply with the 180 day filing requirement of 42 U.S.C. § 2000e-5(e)(1)." (Docket Entry 10 at 1.) Plaintiff responded in opposition and Defendants replied. (Docket Entries 16, 18.) In addition, Plaintiff sought leave to amend her Complaint. (Docket Entry 15.) Defendants opposed that request and Plaintiff filed a reply. (Docket Entries 17, 19.)

According to her Complaint, "Plaintiff was employed at [Defendant] Guilford Gas [Service, Inc.] from April 7, 2008 until she was terminated on or about February 6, 2009." (Docket Entry 1 at 2.)[1] In support of their motion to dismiss, Defendants attached a copy of documents from the Equal Employment Opportunity Commission ("the EEOC") reflecting that Plaintiff filed her administrative charge regarding gender discrimination in employment, including for hostile work environment, on November 10, 2009. (See Docket Entry 11 at 2, Ex. A.) In light of Defendants'

---

[1] It appears that Plaintiff alleges that Defendant Guilford Gas Service, Inc. and Defendant Heritage Propane were related entities and that she worked for both during the relevant time period. (See Docket Entry 1 at 1-2, 5.) According to the Complaint, "Defendant Welles was Plaintiff's supervisor" and "Defendant Timberlake was Defendant Welles' supervisor." (Id. at 2.)

motion to dismiss, Plaintiff filed a motion for leave to amend her Complaint (Docket Entry 15) and attached thereto her proposed Amended Complaint (Docket Entry 15-1).

Plaintiff then relied on certain allegations in her proposed Amended Complaint to argue (in opposition to Defendant's motion to dismiss) that, pursuant to the doctrine of equitable estoppel, she timely instituted administrative proceedings with the EEOC. (Docket Entry 16 at 2-11.) In relevant part, Plaintiff's proposed Amended Complaint stated:

> 21) On or about March 18, 2009, James N. Rogers, Counsel for Plaintiff, sent William G. Powers, Jr., President/CEO of Defendant Heritage Propane a letter (the "Letter to Defendant Heritage Propane") explaining that Plaintiff retained counsel to protect her legal interests regarding her wrongful termination. The Letter to Defendant Heritage Propane is attached hereto as Exhibit A and incorporated herein by reference.
>
> 22) <u>On April 16, 2009, Counsel for Defendants requested that Plaintiff delay filing an [EEOC] Complaint so that Counsel for Defendants could conduct an investigation and receive instruction from his clients</u>.
>
> 23) Counsel for Plaintiff and Counsel for Defendants spoke approximately two times over the course of five weeks, but Counsel for Defendants did not indicate any progress regarding the investigation.
>
> 24) <u>On or about August 12, 2009, Plaintiff submitted to the EEOC an Intake Questionnaire (the "Intake Questionnaire"). The Plaintiff's Affidavit set forth the factual basis for a charge of discrimination against Defendants, and was submitted with the Intake Questionnaire</u>, and is attached hereto as Exhibit B and incorporated herein by reference.
>
> 25) On or about August 17, 2009, Notice of Charge of Discrimination (the "August Notice of Charge") was sent to Defendant Guilford Gas Company/Heritage Propane.
>
> . . . .

> 27) On or about November 10, 2009, Plaintiff filed a Charge of Discrimination with the EEOC (the "Charge of Discrimination").
>
> 28) On or about November 19, 2009, Notice of Charge of Discrimination (the "November Notice of Charge") was sent to Mr. William G. Powers, Jr. Human Resources Director, Heritage Propane.
>
> 29) The EEOC issued a Dismissal and Notice of Rights (the "Dismissal and Notice of Rights") and Right to Sue on November 19, 2009 explaining, "Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge."

(Docket Entry 15-1 at 3-5 (emphasis in original omitted, emphasis above added).)

According to Plaintiff, these allegations support the position that she "delayed filing the EEOC complaint because of [Defendants' counsel's] request to investigate. This investigative period lasted approximately five weeks, and Plaintiff argues that this time should be chargeable to the Defendants." (Docket Entry 16 at 9.) In their reply brief as to the motion to dismiss, Defendants countered Plaintiff's foregoing contentions, inter alia, by submitting an affidavit from William M. Trott, the attorney who communicated with Plaintiff's counsel during the post-discharge, pre-EEOC-filing period referenced in the proposed Amended Complaint. (Docket Entry 18 at 4-5; Docket Entry 18-1.)

In that sworn statement, Mr. Trott reported that his "recollection of the two calls [he had with Plaintiff's counsel] . . . [was] that [he] made <u>no request that Plaintiff delay</u> or not file <u>an EEOC charge</u> . . . ." (Docket Entry 18-1 at ¶ 27 (emphasis added); <u>see also</u> <u>id.</u> at ¶ 4 ("[M]y personal recollection [is] that

-4-

I said nothing that could be construed in any way to affect the decision of Plaintiff's [sic] or her counsel whether or when to file an [EEOC] charge."), ¶ 13 (averring that, in first conversation, he "made no request that [Plaintiff's counsel] alter the course of his claim"), ¶ 20 (swearing that, in second conversation, he "said nothing whatsoever to dissuade [Plaintiff's counsel] from doing so," after Plaintiff's counsel "said that he would be filing a charge with the EEOC within ten days or two weeks if there was no settlement").

Plaintiff thereafter (in connection with her reply as to her Motion to Allow Amended Complaint) tendered an affidavit from her counsel, James N. Rogers. (Docket Entry 19 at 1-2; Docket Entry 19-1.) Mr. Rogers averred that, during a telephone conversation on April 16, 2009, "Mr. Trott requested that [Mr. Rogers] delay filing the EEOC complaint until [Mr. Rogers] received instructions from his client and until [Mr. Rogers] had the opportunity to investigate." (Docket Entry 19-1 at 1.) According to Mr. Rogers's affidavit, "[o]ver the next four to five weeks, [he] talked with Mr. Trott on two more occassions. During the last phone call, it became clear to [him] that Mr. Trott had not completed any investigation . . . . [He] informed [Mr. Trott] that [Plaintiff] would file the appropriate complaint with the EEOC." (Id.)

DISCUSSION

Generally, "to maintain an action under Title VII, a plaintiff must file an administrative charge with the EEOC within 180 days of the alleged misconduct." Williams v. Giant Food, Inc., 370 F.3d

423, 428 (4th Cir. 2004) (citing 42 U.S.C. § 2000e-5(e)(1)). However, the United States Supreme Court has "h[e]ld that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). In this case (as set forth above in the Background section), the parties agree that, in the absence of equitable considerations, Plaintiff had to file an administrative complaint with the EEOC by August 5, 2009. They further agree that Plaintiff did not file any such charge until August 12, 2009.[2] The parties, however, disagree about the circumstances and the significance of interaction between their respective attorneys during the five-week period between April 16 and May 21, 2009, as it relates to the availability to Plaintiff of equitable relief from the August 5, 2009 filing deadline.

---

[2] Although Defendants initially focused on Plaintiff's filing with the EEOC of a document formally denominated as a "Charge of Discrimination" on November 10, 2009 (see Docket Entry 11 at 2, Ex. A), once Plaintiff responded by pointing to her submission to the EEOC of "an Intake Questionaire . . . [and] affidavit setting forth the factual basis for a charge of discrimination against Defendants" on August 12, 2009, and to the fact that "[t]he EEOC sent to Defendant Guilford Gas [Service, Inc.] a document entitled 'Notice of Charge of Discrimination' on August 17, 2009" (Docket Entry 16 at 2-3), Defendants did not present any argument that the August 12, 2009 filing failed to qualify as a sufficient charge of discrimination (see Docket Entry 18). See generally Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005) ("A charge is acceptable only if it is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" (quoting 29 C.F.R. § 1601.12(b) (2004))). Accordingly, for purposes of resolving the instant motions, the Court will treat August 12, 2009, as the date on which Plaintiff filed the required administrative charge with the EEOC.

According to Plaintiff, on April 16, 2009, during a telephone call with Plaintiff's counsel, Defendants' counsel "requested that Plaintiff delay filing an [EEOC] Complaint so that Counsel for Defendants could conduct an investigation and receive instruction from his clients." (Docket Entry 15-1 at 3.) Plaintiff also contends that this "investigative period" lasted for approximately five weeks (i.e., until May 21, 2009), because it was only at that point, based on further discussion between counsel, that "it became clear to [Plaintiff's counsel] that [Defendants' counsel] had not completed any investigation . . . [, at which time, Plaintiff's counsel] informed [Defendants' counsel] that [Plaintiff] would file the appropriate complaint with the EEOC." (Docket Entry 19-1 at 1.) In Plaintiff's view, these allegations support a finding that she "delayed filing the EEOC complaint because of [Defendants' counsel's] request to investigate" (Docket Entry 16 at 9) and that the five-week period of delay attributable to Defendants' counsel's request "should be chargeable to the Defendants" (id.) (i.e., added to the end of the otherwise-applicable August 5, 2009 deadline).

Defendants, in contrast, deny that their counsel asked Plaintiff's counsel to delay any such filing with the EEOC. (See Docket Entry 18 at 4-5; Docket Entry 18-1 at ¶ 27.) Moreover, Defendants assert that, even if the Court accepted Plaintiff's version of the interaction between the parties' respective counsel during the period beginning April 16, 2009, and ending May 21, 2009, no equitable doctrine would require the addition of five weeks to Plaintiff's EEOC-filing period. (See Docket Entry 18 at

5-10.)  In this regard, Defendants cite, inter alia, the fact that (according to Plaintiff's counsel), on May 21, 2009, Plaintiff (through her attorney) announced that she would file an EEOC claim against Defendants (notwithstanding their prior alleged request for delay) and that, from May 21 to August 5, 2009, Plaintiff had 76 days to do so.  (See id. at 5-6.)

Given the procedural posture of the case (i.e., at the motion to dismiss stage), the Court will not focus on the foregoing dispute(s) over factual matters.  Instead, it will accept as true the allegations in Plaintiff's proposed Amended Complaint (and the affidavit of her counsel) and will examine the conflicting legal positions of the two sides.  In so doing, the Court will begin with a review of the potential bases for equitable relief from a non-jurisdictional filing deadline (as identified by Plaintiff) and then will determine if the facts as alleged by Plaintiff, as a matter of law, could excuse her failure to file a claim with the EEOC by August 5, 2009.

Plaintiff asserts that "[e]quitable relief can be obtained under the doctrines of equitable tolling and equitable estoppel." (Docket Entry 16 at 5 (citing Vance v. Whirlpool Corp., 716 F.2d 1010, 1011-12 (4th Cir. 1983)).)  She further contends that "[e]quitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." (Id. at 6 (emphasis added) (citing Lawson v. Burlington Indus., 683 F.2d 862, 864 (4th Cir. 1982)).)  Neither the proposed Amended Complaint nor the affidavit of Plaintiff's

-8-

counsel allege any facts that could support a conclusion that Defendants "wrongfully deceived or misled [Plaintiff] in order to conceal <u>the existence of a cause of action</u>" (<u>id.</u> (emphasis added)) and thus, under Plaintiff's own rendition of the law, the doctrine of equitable tolling lacks application here.

Next, Plaintiff identifies the doctrine of "[e]quitable estoppel [which] applies where, despite the plaintiff's knowledge of the facts, the defendant <u>engages in intentional misconduct to cause the plaintiff to miss the filing deadline</u>." (<u>Id.</u> (emphasis added) (citing <u>Felty v. Graves-Humphreys</u>, 818 F.2d 1126 (4th Cir. 1987), and <u>Price v. Litton Bus. Sys., Inc.</u>, 694 F.2d 963, 965 (4th Cir. 1982)).) Plaintiff additionally acknowledges that "'[t]he statute of limitations will not be tolled on the basis of equitable estoppel <u>unless the employee's failure to file in timely fashion is the consequence</u> either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.'" (<u>Id.</u> (emphasis added) (quoting <u>Price</u>, 694 F.2d at 965).)

In this case, the facts alleged by Plaintiff and her counsel fall short of showing that Defendants "engage[d] in intentional misconduct to cause [her] to miss the filing deadline" (<u>id.</u>) or that her "failure to file in a timely fashion is the consequence" of Defendants' actions (<u>id.</u> (internal quotation marks omitted)). Assuming that, on April 16, 2009, Defendants' counsel did ask Plaintiff's counsel to delay filing Plaintiff's claim with the EEOC while Defendants' counsel investigated the matter, that request

-9-

came so long before the August 5, 2009 filing deadline that no reasonable fact-finder could construe the alleged request as intended "to cause [Plaintiff] to miss the filing deadline" (id.). Further, even if Defendants' counsel had such an intent on April 16, 2009, Plaintiff has conceded that five weeks later (i.e., on May 21, 2009) her counsel determined that Defendants' counsel was not undertaking investigation and that, therefore, she would cease deferring her EEOC filing based on the alleged April 16, 2009 request by Defendants' counsel. Indeed, Plaintiff's counsel has admitted that, on or about May 21, 2009, he informed Defendants' counsel that Plaintiff "would file the appropriate complaint with the EEOC." (Docket Entry 19-1 at 1.) Under these circumstances, Plaintiff's decision to file a claim with the EEOC on August 12, 2009, rather than on August 5, 2009, cannot reasonably be viewed as "the consequence" (Docket Entry 16 at 6) of Defendants' alleged request on April 16, 2009.

If the applicable EEOC filing deadline had passed during a period in which Plaintiff was refraining from filing an administrative claim at the request of Defendants' counsel, Plaintiff likely would have a viable basis for seeking relief under the doctrine of equitable estoppel. Similarly, if Plaintiff had presented factual allegations that she continued to accede to Defendants' alleged request to delay her EEOC filing up to a point in time well beyond May 21, 2009 (and thus close to the August 5, 2009 deadline) and that she could not make a timely filing because she reasonably had refrained from making preparations necessary to

the filing during the period of defendant-induced delay, equitable estoppel might apply. In this case, however, Plaintiff has failed to allege any facts that arguably could establish that Defendants' purported request on April 16, 2009, impeded Plaintiff from filing her EEOC claim at any point between May 21 and August 5, 2009.

In essence, Plaintiff seeks to embed within the doctrine of equitable estoppel a mechanism akin to that created by statute in other contexts whereby the time consumed by certain events is excluded from otherwise-applicable time constraints. See, e.g., 18 U.S.C. § 3161(c)(1) and (h) (requiring that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs," but providing that certain specified "periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence").

Plaintiff, however, has cited no authority suggesting that the doctrine of equitable estoppel dictates that any period during which a prospective plaintiff refrains from filing a charge with the EEOC at the request of a putative defendant is mechanistically excluded from the 180-day administrative claim period.[3] Moreover,

---

[3] The lone decision on which Plaintiff relies in this regard, Leake v. University of Cincinnati, 605 F.2d 255 (6th Cir. 1978), turned upon facts absent from this case. Specifically, in Leake, the defendant's counsel confirmed in
(continued...)

the cases from the United States Court of Appeals for the Fourth Circuit cited by Plaintiff (as discussed above) support the opposite conclusion, i.e., that the equitable estoppel doctrine relaxes a plaintiff's filing deadline only if a defendant's actions actually interfered with the plaintiff's ability to meet the filing deadline. Under these circumstances, Plaintiff's Motion to Allow Amended Complaint (Docket Entry 15) will be denied as futile[4] and it is recommended that the Court grant Defendants' Motion to Dismiss Plaintiff's Complaint (Docket Entry 10).

---

[3](...continued)
writing that plaintiff's counsel had agreed to refrain from filing an EEOC claim while defendant's counsel investigated the matter "'in return for the assurance . . . that time for [such] investigation will not be used by the [defendant] to in any way prejudice [the plaintiff's] rights with regard to any statute of limitations.'" Id. at 258. Under these facts, the United States Court of Appeals for the Sixth Circuit reversed the district court's dismissal of the plaintiff's Title VII suit for failure to make a timely filing with the EEOC for the following specific reason: "[T]he [defendant] agreed that it would not use the time it spent in its investigation <u>to prejudice plaintiff with respect to any statute of limitations</u>. It appears to us that the [defendant's] <u>express</u> statements, and plaintiff's <u>reliance thereon</u>, could <u>reasonably</u> have led plaintiff to delay in the filing of her charges with the EEOC." Id. at 259 (emphasis added). In this case, by contrast, Plaintiff has not alleged that Defendants made any "express" agreement that any period in which their counsel investigated the case would be excluded from any statutory limitations period. As a result, Plaintiff had no "express" representations on which to rely. Moreover, in the absence of any express representation about how a period of delay would be treated, it was not reasonable for Plaintiff to delay filing a charge with the EEOC after August 5, 2009. Other courts have found Leake inapposite for similar reasons in similar contexts. See, e.g., Smith v. Shared Med. Sys., No. Civ. A. 02-8372, 2004 WL 1656635, at *5-6 (E.D. Pa. July 23, 2004) (unpublished); Foutty v. Equifax Servs., Inc., 762 F. Supp. 295, 299 n.4 (D. Kan. 1991).

[4] Reasons to deny leave to amend a complaint include "futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr.19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation, as to Plaintiff's motion seeking to amend her Complaint.

CONCLUSION

Unless Plaintiff can secure equitable relief from her August 5, 2009 deadline for filing an administrative charge with the EEOC, she cannot proceed against Defendants under Title VII. As of May 21, 2009, Plaintiff's counsel expressed to Defendants his intent to file an EEOC charge on his client's behalf, notwithstanding any prior request by Defendants' counsel on April 16, 2009, to delay such action. Plaintiff's proposed Amended Complaint contains no factual allegations that reasonably could be construed as supporting a determination that her decision to refrain from filing such a charge during the period between April 16 and May 21, 2009, impeded Plaintiff's ability to file a claim with the EEOC by August 5, 2009. Plaintiff thus cannot show that she missed the filing deadline as a consequence of any action by Defendants. Accordingly, under Fourth Circuit precedent, the doctrine of equitable estoppel does not protect Plaintiff from the force of the limitations period imposed by Title VII and, as a result, Plaintiff's effort to amend her Complaint fails due to futility and Defendants should prevail on their motion to dismiss.[5]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Allow Amended Complaint (Docket Entry 15) is **DENIED.**

---

[5] Although Defendants' argument for dismissal focused exclusively on the filing deadline for Plaintiff's Title VII claims, Defendants expressly sought dismissal of the "Complaint," not just the Title VII claims. (See Docket Entry 10 at 1.) For her part, Plaintiff has not argued that the Court should entertain her state law claims in the event of dismissal of the Title VII claims. (See Docket Entry 16.) Under these circumstances, the undersigned Magistrate Judge recommends that the Court dismiss the state law claims without prejudice to Plaintiff's right to present them in the proper forum.

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's Complaint (Docket Entry 10) be **GRANTED**, that Plaintiff's Title VII claims be **DISMISSED WITH PREJUDICE**, and that Plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

                                        /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                                  **United States Magistrate Judge**

September 3, 2010